UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

_____
)
SEAH STEEL CORPORATION, )
)
               Plaintiff, )
)
               and )
)
HUSTEEL CO., LTD., NEXTEEL CO., LTD, and )
AJU BESTEEL CO., LTD. )
)   Consol. Court No. 19-00086
             Consolidated Plaintiffs, )
)
               and )
)
HYUNDAI STEEL COMPANY, and )
ILJIN STEEL CORPORATION, )
)
             Plaintiff-Intervenors, )
)
             v. )
)
UNITED STATES, )
)
             Defendant, )
)
               and )
)
UNITED STATES STEEL CORPORATION, )
MAVERICK TUBE CORPORATION, TENARIS )
BAY CITY, INC., TMK IPSCO, VALOUREC )
STAR, L.P., and WELDED TUBE USA INC., )
)
             Defendant-Intervenors. )
_____)

## ORDER

Upon consideration of defendant's motion to stay this action, the parties' respective responses thereto, and upon consideration of all other papers and proceedings had herein, it is hereby

**ORDERED** that defendant's motion to stay this action is granted; and it is further

**ORDERED** that within thirty days of any decision in *NEXTEEL Co. v. United States*, Federal Circuit Appeal No. 2021-1334, the parties are to file a joint status report with the Court with a proposal as to whether a stay should continue.

_____
                    JUDGE

Dated: New York, NY
      This _____ day of _____, 2021

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| SEAH STEEL CORPORATION, <br><br> Plaintiff, <br><br> and <br><br> HUSTEEL CO., LTD., NEXTEEL CO., LTD, and AJU BESTEEL CO., LTD. <br><br> Consolidated Plaintiffs, <br><br> and <br><br> HYUNDAI STEEL COMPANY, and ILJIN STEEL CORPORATION, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> UNITED STATES STEEL CORPORATION, MAVERICK TUBE CORPORATION, TENARIS BAY CITY, INC., TMK IPSCO, VALOUREC STAR, L.P., and WELDED TUBE USA INC., <br><br> Defendant-Intervenors. | Consol. Court No. 19-00086 |

## DEFENDANT'S MOTION TO STAY

Pursuant to Rules 1 and 7 of the Rules of this Court, defendant, the United States (Government), respectfully requests that proceedings in this case be stayed pending a decision by the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in litigation concerning the immediately preceding administrative review of the same antidumping duty order on certain oil country tubular goods (OCTG) from the Republic of Korea (Korea). *See NEXTEEL Co. v. United States*, Federal Circuit Appeal No. 2021-1334 (*NEXTEEL*). Counsel for defendant-intervenors consent to our request. Counsel for plaintiff, consolidated plaintiffs and plaintiff-intervenors do not consent to our request.

A stay is appropriate here because the Federal Circuit's resolution of the Department of Commerce's (Commerce) finding of a particular market situation in the prior administrative review, will likely have an impact on this case. "A stay is granted at the court's discretion and must take into consideration the interests of judicial economy and efficiency." *Giorgio Foods, Inc. v. United States and U.S. Int'l Trade Comm'n*, Court No. 03-00286, 2013 WL 363312, at *2 (Ct. Int'l Trade 2013), citing *Landis v. North Am. Co.*, 299 U.S. 248, 257 (1936). Decisions concerning when and how to stay a case rest "within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted). In exercising that discretion, the court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255; *SKF USA Inc. v. United States*, Court No. 10-00284, 2012 WL 1999685 (Ct. Int'l Trade June 4, 2012) (granting motion to stay pending final disposition of related proceedings at the Federal Circuit); *Union Steel Mfg. Co. v. United States*, 896 F. Supp. 2d 1330, 1333 (Ct. Int'l Trade 2013) (providing a comprehensive list of U.S. Court

of International Trade decisions evaluating motions to stay). "In the exercise of a sound discretion [a court] may hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same." *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937). This Court has previously observed that "a case may properly be stayed pending the outcome of another case (the 'lead' case) even where the 'lead' case may not be potentially dispositive of the case sought to be stayed – *i.e.*, even where the 'lead' case may, at most, streamline the issues in the case sought to be stayed." *An Giang Agric. & Food Imp. Exp. Co. v. United States*, 350 F. Supp. 2d 1162, 1168 n.9 (Ct. Int'l Trade 2004) (citation omitted).

Here, it is in the interests of judicial economy and efficiency to stay this case pending resolution of *NEXTEEL*. Because of the significant overlap in the issue of whether a particular market situation existed in Korea between the two cases, the Federal Circuit's ruling in *NEXTEEL* is likely to have an impact on this case. Moreover, staying this case may obviate the need for additional briefing and, therefore, avoid the expenditure of judicial and party resources.

The issue of whether a particular market situation existed in Korea was examined by this Court in challenges to the first and the second administrative reviews of the OCTG antidumping duty order, in which the Court concluded that the finding by the Department of Commerce (Commerce) that a particular market situation existed was not supported by substantial evidence. *See NEXTEEL Co. v. United States*, 355 F. Supp. 3d 1336 (Ct. Int'l Trade 2019); *NEXTEEL Co. v. United States*, 392 F. Supp. 3d 1276 (Ct. Int'l Trade 2019); *NEXTEEL Co. v. United States*, 2020 Ct. Int'l Trade LEXIS 153, Slip. Op. 2020-145 (Ct. Int'l Trade Oct. 16, 2020). In this case, plaintiffs argue that the record of this administrative review is substantially identical to the records of the two prior administrative reviews and, thus, notwithstanding some additional

3

documents on the record of this review, the Court should reach the same conclusion as it did in its past decisions. In remanding the particular market situation decision in this litigation, the Court relied on its earlier decision, which is currently on appeal before the Federal Circuit. *SeAH Steel Corporation v. United* States, Consol. Ct. No. 19-00086, Slip Op. 21-43 at 31-38.

The Federal Circuit's decision in *NEXTEEL* will likely streamline the issues in this case. For example, if the Federal Circuit sustains this Court's decision that evidence in *NEXTEEL* was insufficient to support Commerce's determination, the Federal Circuit is likely to provide further analysis and clarity on the particular market situation issue. Conversely, if the Federal Circuit reverses this Court and concludes that the record evidence in *NEXTEEL* was sufficient for finding of a particular market situation, it may be dispositive for resolving the issue of a particular market situation in this case.

Furthermore, the requested stay will not prejudice any party to this action or otherwise result in hardship to other parties. A stay would simply preserve the *status quo* while awaiting the resolution of *NEXTEEL*. *See SKF USA Inc.*, 36 CIT at 844 (granting a motion to stay where the stay would "serve the interest of judicial economy and conserve the resources of the parties" and no party had shown that the stay would cause harm). Neither plaintiffs nor defendant-intervenors would be harmed by a stay of this case because it may obviate the need for, or at least streamline, further proceedings in this case, thus preserving resources for all parties.

WHEREFORE, the Government respectfully requests that its motion be granted.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Claudia Burke
CLAUDIA BURKE
Assistant Director

OF COUNSEL:

MYKHAYLO GRYZLOV
Senior Counsel
Office of the Chief Counsel
   for Trade Enforcement & Compliance
U.S. Department of Commerce

s/Hardeep K. Josan
HARDEEP K. JOSAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
26 Federal Plaza, Suite 346
New York, New York 10278
Tel.: (212) 264-9245
Fax: (212) 264-1916
Email: hardeep.k.josan@usdoj.gov

May 12, 2021

Attorneys for Defendant