**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE:  THE HONORABLE JENNIFER CHOE-GROVES**

| | |
|---|---|
| SEAH STEEL CORPORATION et al., <br><br> *Plaintiff and Consolidated Plaintiffs,* <br><br> HYUNDAI STEEL COMPANY and <br> ILJIN STEEL CORPORATION, <br><br> *Plaintiff-Intervenors,* <br> v. <br> UNITED STATES, <br><br> *Defendant,* <br><br> and <br><br> UNITED STATES STEEL CORPORATION et al., <br><br> *Defendant-Intervenors.* | Court No. 19-00086 <br> (consol.) |

**PLAINTIFFS' JOINT OPPOSITION TO DEFENDANT'S**
**MOTION TO STAY PROCEEDINGS**

Plaintiff SeAH Steel Corporation and Consolidated Plaintiffs Husteel Co., Ltd., Nexteel Co., Ltd., AJU Besteel Co., Ltd. and Iljin Steel Corporation (collectively, "Plaintiffs") respectfully submit this opposition to the motion to stay these proceedings filed by Defendant United States.  *See* Gov't Mot Stay (May 12, 2021), ECF. No. 105 ("Gov't Mot.").  For the reasons discussed below, the Court should deny the Government's motion.

A party seeking a stay must "make a strong showing that a stay is necessary and that the disadvantageous effect on others would be clearly outweighed."  *Georgetown Steel Co. v. United States*, 27 CIT 550, 553 (2003).  "[I]n reviewing a motion to stay proceedings, [the Court's] 'paramount obligation' is to exercise jurisdiction timely in the case before it."  *Gerald Metals,*

1

*Inc. v. United States*, 27 F. Supp. 2d 1351, 1354 n.6 (Ct. Int'l Trade 1998) (quoting *Cherokee Nation of Okla v. United States*, 124 F. 3d 1413, 1416 (Fed. Cir. 1997)). In evaluating a party's motion to stay pending appeal, the Court will consider:

> (1) whether the stay applicant has made a strong showing that {the applicant} is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Georgetown Steel*, 27 CIT at 552-53 (quoting *Save Domestic Oil, Inc. v. United States,* 122 F. Supp. 2d 1375, 1380 (2000), *appeal dismissed,* 18 Fed. Appx. 819 (Fed. Cir. 2001), quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987), and citing *Standard Havens Prods., Inc. v. Gencor Indus., Inc.,* 897 F.2d 511, 512 (Fed. Cir. 1990)) (alteration added). The Government has failed to meet this high bar for the following reasons.

First, the Government failed to make the requisite strong showing that it is likely to succeed on the merits. The Government did not appeal this Court's final judgment in *NEXTEEL II*. Nor did it appeal the Court's opinions rejecting Commerce's particular market situation analysis in the first administrative review. And, the Government's motion does not even offer an opinion on the likelihood of Defendant-Intervenors' claims on appeal. Instead, the Government merely posits that the Federal Circuit's review of *NEXTEEL II* "will likely have an impact on this case." Gov't Mot. at 2.

As the Government itself has argued in opposing other parties' motions to stay, "arguments relying on 'mere speculation,' without more, do not provide a compelling reason to stay a case." Gov't Opp. Mot. Stay, *Jiaxing Brother Fastener Co., Ltd. v. United States*, Case No. 15-00313 (Feb. 29, 2016), ECF No. 22, at 5 ("Gov't Jiaxing Brother Opp.") (quoting *Giorgio Foods, Inc. v. United States*, 37 CIT 152, 155 (2013)). Here, the Government has provided nothing beyond mere speculation that the Federal Circuit's review of this Court's final judgment in the second

administrative review would either dispose or "streamline" the Court's disposition of this case. Gov't Mot. at 3-4.  Indeed, the Government has pointed to nothing to indicate that the Federal Circuit would not sustain the Court's final judgment in full.  This case, and the appeal of the second review, does not turn on a narrow legal issue; the Court's opinion rejected Commerce's final results in both reviews on substantial evidence grounds.  The Government, without opining on the merits of Defendant-Intervenors' claims or addressing any of the differing circumstances of this case, simply has asked the Court to grant the extraordinary remedy of a stay in the routine context of related factual issues carrying over from one review to another.  More is required for the Court to grant the extraordinary remedy of staying ongoing proceedings.

Second, the Government does not (and indeed cannot) argue that it would be "irreparably injured" absent a stay.  *Georgetown Steel*, 27 CIT at 552-53.  All the Government needs to do at this point is prepare a remand redetermination.  Preparing a remand redetermination is relatively routine matter and one the Government is familiar with in light of the numerous cases in which this Court has remanded Commerce's particular market situation determinations to date. Preparing a remand redetermination does not constitute irreparable injury.  The Government knows well that Commerce frequently faces situations where issues that span multiple administrative reviews frequently proceed before this Court, even if a party takes an appeal on a related issue to the Federal Circuit in the context of a preceding administrative review.  The Government is entitled to seek appellate review of the Court's final judgment in this case, and would be entitled to argue that any Federal Circuit opinion in the second review would be controlling or persuasive.  Of course, if this case remained pending as of the outcome of the AR2 appeal, the Government would also be entitled to notify the Court of any appellate opinion, including an opinion in the AR2 proceedings, that would have a bearing on the ultimate

disposition of this case.  However, as the Government itself has argued in opposing a motion to stay, stopping ongoing proceedings before this Court is inappropriate "because of the annual nature of Commerce's administrative reviews, litigation routinely proceeds in this Court despite ongoing proceedings in related cases."  Gov't Jiaxing Brother Opp. at 4-5.  Put simply, the Court should not grind these proceedings to a halt because the Defendant-Intervenors filed an appeal related to the prior administrative review and the Government is reluctant to comply with the Court's remand instructions.  This is particularly true where the Government has not filed its own appeal, and has made no showing that Defendant-Intervenors' claims of alleged serious judicial overreach are meritorious, or that the Federal Circuit's decision would be dispositive in this case.

Finally, there is far more than a "fair possibility" that a stay would substantially injure Plaintiffs.  *Giorgio Foods*, 37 CIT at 154.  Plaintiffs are entitled to "just, speedy and inexpensive determination of every action and proceeding."  USCIT R. 1.  Allowing the Government to short-circuit the remand proceedings simply because Defendant-Intervenors have filed an appeal in a prior review on related factual issues would deprive Plaintiffs of their right to speedy disposition of this matter enshrined in Rule One of this Court's Rules.  Plaintiffs have already expended substantial effort in prosecuting this case.  It also bears emphasizing that the Government waited over six months after Defendant-Intervenors filed their appeal on November 10, 2020 to seek a stay in this matter.  The Government should not have been so dilatory in seeking a stay had it truly been concerned about suffering irreparable harm by allowing this case to proceed in light of Defendant-Intervenors' appeal on overlapping issues.  And, the public interest will not be served by delaying these proceedings.  Plaintiffs and the public have an interest in a speedy disposition of litigation when the facts and issues are ripe and ready for judicial review (and indeed, in this case, already have been reviewed in full by the Court).

Respectfully submitted,

/s/ J. David Park
J. David Park
Henry D. Almond
Daniel R. Wilson
Leslie C. Bailey
Kang Woo Lee
*Counsel to Plaintiff NEXTEEL Co., Ltd. and Plaintiff-Intervenor Hyundai Steel Company*

ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C.  20001
Phone:  (202) 942-5000
Fax:  (202) 942-5999

/s/ Jeffrey M. Winton
Jeffrey M. Winton
Amrietha Nellan
Vi N. Mai
*Counsel to Plaintiff SeAH Steel Corporation*

WINTON & CHAPMAN PLLC
1900 L Street, NW, Suite 611
Washington, D.C.  20036
Phone:  (202) 774-5503
Fax: (202) 478-1996

/s/ Donald B. Cameron
Donald B. Cameron
Brady W. Mills
Eugene Degnan
*Counsel to Consolidated Plaintiff Husteel Co., Ltd.*

MORRIS, MANNING & MARTIN, LLP
1401 Eye Street, NW, Suite 600
Washington, D.C.  20005-2204
Phone:  (202) 216-4811
Fax: (202) 408-5146

/s/ Jarrod M. Goldfeder
Jarrod M. Goldfeder
Robert G. Gosselink
*Counsel to Consolidated Plaintiffs AJU Besteel Co., Ltd. and ILJIN Steel Corporation*

TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE, Suite 500
Washington, D.C.  20003
Phone:  (202) 223-3760
Fax: (202) 223-3763

Dated:  May 17, 2021