## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| SeAH Steel Corporation, <br>      Plaintiff, <br>NEXTEEL Co., Ltd., *et al.*, <br>      Consolidated Plaintiffs, <br>and <br>Iljin Steel Corporation, *et al.*, <br>      Plaintiff-Intervenors <br>v. <br>United States, <br>      Defendant, <br>and <br>United States Steel Corporation, *et al.*, <br>      Defendant-Intervenors. | Consol. Court. No. 19-00086 |

### UNITED STATES STEEL CORPORATION'S RESPONSE TO THE COURT'S REQUEST FOR COMMENTS ON A STAY OF THIS ACTION

United States Steel Corporation ("U. S. Steel") supports the entry of a stay in this action, pending a final decision in U. S. Steel's and SeAH Steel Corporation's consolidated appeals of *NEXTEEL Co. v. United States*, 475 F. Supp. 3d 1378 (Ct. Int'l Trade 2020), *appeal docketed*, Consolidated Ct. No. 2021-1334 (Fed. Cir. Dec. 21, 2020) (SeAH's appeal, No. 2021-1430, was consolidated under U. S. Steel's appeal, No. 2021-1334).  These comments are timely submitted in accordance with the Court's docket entry dated May 13, 2021, ECF No. 106.  The resolution by the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") of the aforementioned appeals will likely have an impact on this case, given the substantial overlap in particular market situation ("PMS") issues raised before the Federal Circuit and those pertinent to Commerce's pending remand results in this action.  In

particular, whereas this Court remanded Commerce's PMS finding and adjustment in this action, based in part on an analysis that heavily referenced the Court's prior disposition with respect to Commerce's second administrative review, *see, e.g.*, *SeAH Steel Corp. v. United States*, Consol. Ct. No. 19-86, Slip Op. 21-43 (Apr. 14, 2021) ("Slip Op. 21-43") at 38-52, the Court's analysis of the record of the second administrative review and the Court's conclusions of law concerning Commerce's PMS analysis have been raised before the Federal Circuit in the *NEXTEEL* appeal, *see, e.g.*, "Corrected Principal Brief of United States Steel Corporation, CAFC Ct. No. 2021-1334, ECF No. 16-1 (Mar. 9, 2021) ("U. S. Steel Appellate Br.") at 21-52. This overlap of issues justifies a stay.

Recognizing that decisions concerning when and how to stay a case rest "within the sound discretion of the trial court," *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997), Domestic Interested Parties submit that the substantial overlap in "parties and issues" identified above demonstrates that the "interests of judicial economy and efficiency" favor the entry of a stay in this action, *see Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937); *Giorgio Foods, Inc. v. United States and U.S. Int'l Trade Comm'n*, Ct. No. 03-286, Slip Op. 13-14, 2013 Ct. Intl. Trade LEXIS 18 at *6 (Ct. Int'l Trade Jan. 30, 2013). Previously, the U.S. Court of International Trade ("CIT") has stayed its proceedings pending the outcome of related proceedings at the Federal Circuit in several actions. *See, e.g.*, *SKF USA Inc. v. United States*, Ct. No. 10-284, 2012 WL 1999685 (Ct. Int'l Trade June 4, 2012); *Union Steel Mfg. Co. v. United States*, 896 F. Supp. 3d 1330, 1333 (Ct. Int'l Trade 2013) (collecting cases).

The issue of whether a PMS existed in Korea was examined by this court in Slip Ops. 19-73, 20-69, and 20-145, which form the basis of Consolidated Ct. No. 2021-1334 currently pending at the Federal Circuit. This Court reached certain conclusions concerning the law governing Commerce's PMS determination which U. S. Steel has appealed, *e.g.*, whether

Commerce must establish "particularity" with respect to each distortion or with respect to the "market situation" as a whole, *compare, e.g.*, *NEXTEEL Co., Ltd. v. United States*, 450 F. Supp. 3d 1333, 1341 (Ct. Int'l Trade 2020) ("court finds that the record evidence does not support a conclusion that the global glut of Chinese HRC imports caused price distortions specific to the Korean steel market.") ("*NEXTEEL AR2 II*"), *with* U. S. Steel Appellate Br. at 43-45 (arguing that the "market situation" needs to be "particular"); and whether Commerce's "totality of the circumstances" test may be cumulative, or whether individual factors must themselves constitute a PMS, *compare, e.g.*, *NEXTEEL AR2 II*, 450 F. Supp. 3d at 1341 ("Commerce's conclusion that excess capacity of Chinese HRC imports demonstrates a particular market situation in Korea is not supported by substantial evidence."), *with* U. S. Steel Appellate Br. at 47-48 (arguing that each factor in a multi-factor PMS need not individually suffice to constitute a PMS). These legal issues are fundamental to the Court's analysis of a PMS finding, and to Commerce's PMS analysis on remand. *See, e.g.*, Slip Op. 21-43 at 45 ("The {record} do{es} not support a determination that the influx of Chinese hot-rolled coil is particular to Korea"); *id.* at 51-52 ("substantial record evidence does not support Commerce's cumulative particular market situation determination…because the record evidence does not demonstrate the existence…of the four factors…").

Separately, while U. S. Steel strongly disagrees with this Court's characterization of the administrative record at issue in this action in Slip Op. 21-43, *see* "United States Steel Corporation's Response to Rule 56.2 Motions for Judgment on the Agency Record," ECF No. 75 (Jan. 14, 2020) at 25-27, this Court nevertheless structured its opinion ordering remand by specifically highlighting which evidence the Court had considered in its opinions concerning the second administrative review, *see, e.g.*, Slip Op. 21-43 at 38-40. As such, the Federal Circuit's review of this Court's conclusions with respect to the sufficiency of the record evidence in the second administrative review may additionally impact this Court's

understanding of this record and the scope of Commerce's analysis on remand, *see, e.g.*, U. S. Steel Appellate Br. at 25-42 (arguing that Commerce's PMS finding was supported by substantial evidence). Stated differently, insofar as Plaintiff and Consolidated Plaintiffs have contended that earlier administrative review decisions that this Court has found unsubstantiated with record evidence inform the substantiality of evidence on this administrative record, a Federal Circuit decision upholding Commerce's prior determination would weigh heavily in the Court's disposition of Commerce's remand results. Indeed, it would be fair to Commerce for it to know whether substantial record evidence cited in the second administrative record supported an affirmative PMS finding in the third administrative review, as it adduced an additional PMS factor during the remand redetermination, which is being cited by U. S. Steel, among other facts, as substantial evidence to support a PMS in Korea.

U. S. Steel submits that the most efficient, least burdensome course of action, given the overlapping parties and issues described above, is to stay this proceeding pending the Federal Circuit's final decision in the appeal of *NEXTEEL Co. v. United States*, CAFC Consolidated Ct. No. 2021-1334. Under Rule 1 of the Rules of the Court of International Trade, the Court must aim for "just, speedy, *and* inexpensive determination of every action." CIT R. 1 (emphasis supplied).

While any stay necessarily delays a proceeding in the short term, briefing at the Federal Circuit is already well underway, with the final brief currently scheduled to be filed no later than July 12, 2021. Indeed, whereas U. S. Steel notified its appeal on December 9, 2020, well before the deadline; SeAH waited to notify its own appeal until January 4, 2021. Thereafter, counsel to NEXTEEL Co., Ltd. requested a further 30-day extension of the appellate briefing schedule, and counsel to SeAH secured yet another 11-day extension stemming from a denied motion to enlarge its word count. The appellate schedule is thus

Court No. 20-00150

very much a circumstance of respondents' making.  The government timely moved to seek a stay less than a month after publication of this Court's opinion ordering remand, and given the clear overlap between this Court's analysis in Slip Op. 21-43 and the facets of this Court's analysis of the second administrative review raised in Consolidated Ct. No. 2021-1334, there is a strong likelihood that the Federal Circuit's final determination will impact these proceedings and narrow the scope of argument, and potential appeal.

This Court has previously observed that "a case may properly be stayed pending the outcome of another case…even where the 'lead' case may not be potentially dispositive of the case sought to be stayed – *i.e.*, even where the 'lead' case may, at most, streamline the issues in the case sought to be stayed." *An Giang Agric. & Food Imp. Exp. Co. v. United States*, 350 F. Supp. 2d 1162, 1168 n.9 (Ct. Int'l Trade 2004).  Such is certainly the situation presented here, where further analysis and clarity on PMS issues is anticipated.

For the foregoing reasons, U. S. Steel respectfully requests that this Court stay this action, pending a final decision in the appeal of *NEXTEEL Co. v. United States*, CAFC Consolidated Ct. No. 2021-1334.

Respectfully submitted,

/s/ Thomas M. Beline

Thomas M. Beline
Myles S. Getlan
James E. Ransdell

Dated:  May 17, 2021

**CASSIDY LEVY KENT (USA) LLP**
900 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20006
(202) 567-2300

*Counsel to United States Steel Corporation*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the forgoing submission of "United States Steel Corporation's Response to the Court's Request for Comments on a Stay of this Action," filed on May 17, 2021, is limited to five pages in length, excluding signature blocks, as stipulated by the Court's May 13, 2021 docket entry requesting comments.

                                                    BY: /s/ Thomas M. Beline
                                                        Thomas M. Beline