## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE JENNIFER CHOE-GROVES

_____

| | |
|---|---|
| SEAH STEEL CORPORATION et al., )<br><br>*Plaintiff and Consolidated Plaintiffs*, )<br><br><br>HYUNDAI STEEL COMPANY and )<br>ILJIN STEEL CORPORATION, )<br><br>*Plaintiff-Intervenors*, )<br>v. )<br>)<br>UNITED STATES, )<br><br>*Defendant*, )<br><br>and )<br><br>UNITED STATES STEEL CORPORATION et al., )<br><br>*Defendant-Intervenors*. )<br>_____ ) | Court No. 19-00086<br>(consol.) |

## COMMENTS OF PLAINTIFF-INTERVENOR HYUNDAI STEEL COMPANY IN PARTIAL SUPPORT OF REMAND RESULTS

ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 942-5000
Fax: (202) 942-5999

J. David Park
Henry D. Almond
Daniel R. Wilson
Leslie C. Bailey
Kang Woo Lee

*Counsel to Hyundai Steel Company*
*Plaintiff-Intervenor*

Dated: September 15, 2021

Plaintiff-Intervenor Hyundai Steel Company ("Hyundai Steel") respectfully submits these comments in support of certain determinations reached in the Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Court Remand, July 16, 2021, ECF No. 118 ("*Remand Results*"). These comments respond to the partial opposition comments of Defendant-Intervenor United States Steel Corporation ("U.S. Steel"), filed on August 13, 2021. *See* United States Steel Corporation's Comments in Partial Opposition to Remand Redetermination, Aug. 13, 2021, ECF No. 123.

In the *Remand Results*, Commerce complied with the Court's remand order with respect to the particular market situation ("PMS") issue. Specifically, on remand Commerce reconsidered its PMS determination and adjustment, and in doing so found (under protest) that the record evidence does not support an affirmative PMS finding or subsequent adjustment. *See Remand Results* at 7-14. Accordingly, Commerce reversed its prior PMS finding and applied no PMS adjustment. *Id.* at 12.

U.S. Steel opposes Commerce's remand determination with respect to the PMS issue. *See* U.S. Steel's Comments in Partial Opposition to Remand Redetermination, Aug. 13, 2021, ECF No. 123 ("U.S. Steel Opp'n Comments"). Specifically, U.S. Steel argues that Commerce erred in interpreting the Court's remand order narrowly, contending that such a narrow order would exceed the Court's authority and asserting that Commerce had latitude to reach an affirmative PMS determination on remand, which U.S. Steel contends the record supports. *See id.* at 4-24.

Hyundai Steel respectfully submits that the Court should find U.S. Steel's arguments unpersuasive. On the PMS issue, Commerce reached the only determination on remand that complies with the Court's remand order. Accordingly, Hyundai Steel respectfully submits that

the Court should sustain Commerce's remand determination with respect to the PMS issue. As such, Hyundai Steel joins and supports the comments submitted by NEXTEEL Co., Ltd. ("NEXTEEL") and SeAH Steel Corporation ("SeAH") in response to Petitioner's remand comments on the PMS issue.

In the *Remand Results*, Commerce complied with the Court's remand order in so far as Commerce recalculated the antidumping duty margins for the mandatory respondents, SeAH and NEXTEEL, without reference to any PMS or related calculation adjustments. This is the only outcome possible with respect to the PMS issue that could be consistent with the record facts and the Court's holdings. As a non-selected respondent, any calculation modification that impacts either NEXTEEL's or SeAH's margin calculations directly impacts the average rate assigned to Hyundai Steel. As such, Hyundai Steel joins and supports the comments submitted by NEXTEEL and SeAH in response to Petitioner's remand comments.[1]

---

[1] Hyundai Steel reiterates that the Court should give due consideration to the affirmative remand comments filed by the mandatory respondents with respect to their company-specific calculation issues and ensure that any resulting changes to the calculations are carried through to the average rate assigned to Hyundai Steel.

Accordingly, Hyundai Steel respectfully requests that this Court affirm Commerce's particular market situation remand determination.

Respectfully submitted,

/s/ J. David Park
J. David Park
Henry D. Almond
Daniel R. Wilson
Leslie C. Bailey
Kang Woo Lee

*Counsel to Hyundai Steel Company*

ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 942-5000
Fax: (202) 942-5999

**Date: September 15, 2021**

| | |
|---|---|
| SEAH STEEL CORPORATION et al., | ) |
| | ) |
| *Plaintiff and Consolidated Plaintiffs*, | ) |
| | ) |
| | ) |
| HYUNDAI STEEL COMPANY and | ) |
| ILJIN STEEL CORPORATION, | ) |
| | ) |
| *Plaintiff-Intervenors*, | ) |
| v. | ) **Court No. 19-00086** |
| | ) **(consol.)** |
| UNITED STATES, | ) |
| | ) |
| *Defendant*, | ) |
| | ) |
| and | ) |
| | ) |
| UNITED STATES STEEL CORPORATION et al., | ) |
| | ) |
| *Defendant-Intervenors*. | ) |

## CERTIFICATE OF COMPLIANCE WITH CHAMBERS PROCEDURE 2(B)(1)

The undersigned hereby certifies that the attached Comments of Plaintiff-Intervenor Hyundai Steel Company in Partial Support of Remand Results, filed on September 15, 2021, contains 479 words, exclusive of counsel's signature block, according to the word count function of the word-processing system used to prepare this memorandum, and therefore complies with the word count limitation set forth in the Court's Chambers Procedures.

By:                              /s/ J. David Park

                                     J. David Park

**Date:  September 15, 2021**