UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| SeAH STEEL CORPORATION, <br><br> Plaintiff, <br><br> and <br><br> HUSTEEL CO., LTD., NEXTEEL CO., LTD., AND AJU BESTEEL CO., LTD., <br><br> Consolidated Plaintiff, <br><br> and <br><br> HYUNDAI STEEL COMPANY, AND ILJIN STEEL CORPORATION <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> UNITED STATES STEEL CORPORATION, MAVERICK TUBE CORPORATION, TENARIS BAY CITY, INC., TMK IPSCO, VALOUREC STAR, L.P., AND WELDED TUBE USA INC. <br><br> Defendant-Intervenors. | Consol. Court No. 19-00086 |

PLAINTIFF'S REPLY IN SUPPORTING OF
MOTION FOR RECONSIDERATION

WINTON & CHAPMAN PLLC
1900 L Street, N.W., Suite 611
Washington, D.C.  20036
(202) 774-5500

Attorneys for SeAH Steel Corporation

November 21, 2022

TABLE OF CONTENTS

                                                                            Page

ARGUMENT ............................................................................................................................. 2

    A.   The Federal Circuit's Decision in Stupp Constitutes a Change in Law that Warrants Reconsideration under Rule 59 ......................................................... 2

    B.   Commerce's Treatment of Inventory Valuation Losses ........................................ 3

CONCLUSION ........................................................................................................................... 4

TABLE OF AUTHORITIES

Page

COURT DECISIONS

*Motor Co. v. United States*,
  30 C.I.T. 1587 (2006) .................................................................................................. 2

*Nan Ya Plastics Corp., Am. v. United States*,
  916 F. Supp. 2d 1376 (Ct. Int'l Trade 2013) ............................................................. 2, 4

*SeAH Steel Corp. v. United States*,
  513 F. Supp. 3d 1367 (Ct. Int'l Trade 2021) ............................................................... 3

*Stupp Corp. v. United States*,
  5 F.4th 1341 (Fed. Cir. 2021) .................................................................................. 2, 3

*Yangzhou Bestpak Gifts & Crafts Co., Ltd. v. United States*,
  716 F.3d 1370 (Fed. Cir. 2013) .................................................................................. 5

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| SeAH STEEL CORPORATION, <br><br> Plaintiff, <br><br> and <br><br> HUSTEEL CO., LTD., NEXTEEL CO., LTD., AND AJU BESTEEL CO., LTD., <br><br> Consolidated Plaintiff, <br><br> and <br><br> HYUNDAI STEEL COMPANY, AND ILJIN STEEL CORPORATION <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> UNITED STATES STEEL CORPORATION, MAVERICK TUBE CORPORATION, TENARIS BAY CITY, INC., TMK IPSCO, VALOUREC STAR, L.P., AND WELDED TUBE USA INC. <br><br> Defendant-Intervenors. | Consol. Court No. 19-00086 |

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION

Pursuant to Rules 7(d) and 59(e) of the Rules of the U.S. Court of International Trade, Plaintiff SeAH Steel Corporation hereby submits this reply in support of its Motion for Reconsideration (hereinafter "Motion").[1] As demonstrated in SeAH's Motion, the Court should reconsider its final decision in this case in light of the Federal Circuit's decision in

---

[1] *See* SeAH's September 26, 2022, Motion for Reconsideration (ECF No. 149).

*Stupp Corporation* as well as the Court's reliance on Commerce's flawed explanation of SeAH's accounting record.[2]

## ARGUMENT

### A. The Federal Circuit's Decision in Stupp Constitutes a Change in Law that Warrants Reconsideration under Rule 59

The Federal Circuit's decision in *Stupp* constitutes binding, intervening authority that is directly relevant to this Court's decision to sustain Commerce's use of its so-called Differential Pricing Analysis ("DPA"). Grounds for granting a motion for reconsideration under Rule 59 of this Court's rules include "an intervening change in the controlling law, the availability of new evidence, the need to correct a clear factual or legal error, or the need to prevent manifest injustice."[3]

Reconsideration is warranted in this case because *Stupp* constitutes an intervening change in controlling law that relates to whether Commerce's DPA was a mathematically valid methodology. Although this Court's April 14, 2021, decision upheld Commerce's DPA, the Federal Circuit in *Stupp* called into question the validity of Commerce's DPA in its application of the Cohen's $d$ test.[4] As such, further proceeding for Commerce to explain or reconsider its application of the Cohen's $d$ test as part of Commerce's DPA to calculate SeAH's dumping margins is required.

---

[2] *See Stupp Corp. v. United States*, 5 F.4th 1341 (Fed. Cir. 2021).

[3] *Ford Motor Co. v. United States*, 30 C.I.T. 1587, 1588 (2006); *see also Nan Ya Plastics Corp., Am. v. United States*, 916 F. Supp. 2d 1376, 1378 (Ct. Int'l Trade 2013).

[4] *See Stupp Corp.*, 5 F.4th at 1360.

In its response, Defendant contends that the Federal Circuit's decision in *Stupp* "does not render this Court's decision manifestly erroneous."[5] To support that position, Defendant cited the remand redetermination ("*Stupp Redetermination* ") that Commerce issued in the underlying proceeding in *Stupp* following the Federal Circuit decision to explain why Commerce's DPA need not adhere to statistical assumptions required by the Cohen's *d* test.[6] Defendant, however, conceded that the remand proceeding in that case is still ongoing and that this Court has not yet ruled on the *Stupp Redetermination*.[7] As such, the question still remains whether Commerce's DPA is valid and lawful. Because the Federal Circuit's *Stupp* holding implicates this Court's holding in its April 14, 2021, decision, further remand for Commerce to explain or reconsider its application of the Cohen's *d* test as part of Commerce's DPA is necessary to avoid manifest error.[8]

    B.    *Commerce's Treatment of Inventory Valuation Losses*

As explained in SeAH's Motion, the costs calculated in its normal cost accounting system (and reported in its responses to Commerce's questionnaires) reflected the actual

---

[5] Defendant's October 31, 2022, Response in Opposition to SeAH's Motion for Reconsideration, at 4.(ECF No. 151)

[6] *See id.* at 5-6 (quoting Final Results of Redetermination Pursuant to Court's Remand, *Stupp Corp v. United States*, Consol. Case No. 15-00034, dated April 4, 2022, at 10, available at https://access.trade.gov/Resources/remands/15-00334.pdf ("Stupp Redetermination")) .

[7] It should be noted that Defendant relied on the Court's affirmance in this case to support the validity of Commerce's DPA methodology in the *Stupp* remand proceeding currently pending before this Court. *See* Defendant's Sur-Reply to Comments Regarding the Remand Redetermination in *Stupp Corporation et al v. United States*, CIT Ct. No. 15-00334, dated October 28, 2022, at 10 (ECF No. 241) (quoting *SeAH Steel Corp. v. United States*, 513 F. Supp. 3d 1367, 1382-83 (Ct. Int'l Trade 2021)). Such a circular and self-serving argument underscores the need for this Court to reconsider Commerce's DPA methodology.

[8] *See, e.g.*, *Nan Ya Plastics*, 916 F. Supp. 2d at 1378–80.

historical costs of the raw materials and semi-finished products used in production. The reported costs, as a result, reflected the full cost of the inventories used in production, including any inventory-valuation adjustments and inventory-valuation losses recorded for those inventories before the inventories were used. Therefore, making an additional adjustment to SeAH's reported costs for the inventory-valuation loss as Commerce did in this case resulted in an obvious double-counting of costs.

Defendant appeared to have misunderstood SeAH's argument. In its response, Defendant contends that inventory valuation losses satisfy the "very definition of a G&A expense."[9] However, SeAH is not disputing that inventory valuation losses are actual expenses. Rather, SeAH's argument is premised on the fact that inventory valuation losses, if any, were already captured in its reported costs because SeAH's cost calculations were based on the historical and unadjusted cost of materials used in production. Therefore, any adjustment made to SeAH's reported costs using inventory valuation losses is unlawful because it double counted and overstated SeAH's actual costs.[10]

## CONCLUSION

For the foregoing reasons, we respectfully request the Court reconsider and reverse its affirmance of Commerce's DPA methodology as well as Commerce's calculation of SeAH's G&A expense ratio that improperly included SeAH's inventory valuation loss allowances.

---

[9] Defendant's October 31, 2022, Response in Opposition to SeAH's Motion for Reconsideration, at 8.

[10] *See Yangzhou Bestpak Gifts & Crafts Co., Ltd. v. United States*, 716 F.3d 1370, 1379 (Fed. Cir. 2013) ("An overriding purpose of Commerce's administration of antidumping laws is to calculate dumping margins as accurately as possible.").

Respectfully submitted,

/s/Jeffrey M. Winton

Jeffrey M. Winton
Vi N. Mai

WINTON & CHAPMAN PLLC
1900 L Street, N.W., Suite 611
Washington, D.C. 20036
(202) 774-5500

Attorneys for SeAH Steel Corporation

November 21, 2022